831 F.2d 292
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Basil ZIMBALATTI, Petitioner,
v.
DEPARTMENT OF LABOR, Respondent.
 No. 87-2538.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 11, 1987.
Decided: Sept. 28, 1987.
 
 (Frederick K. Muth, Hensley, Muth, Garton & Hayes, on brief) for Petitioner.
 George R. Salem, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Barbara J. Johnson, Counsel for Appellate Litigation, Bruce A. McDonald, U.S. Department of Labor, for respondent.
 Ben. Rev. Bd.
 REMANDED.
 Before PHILLIPS, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This black lung disability benefits case is before the Court on the respondent's motion to remand to the Benefits Review Board (BRB, or the Board) for further consideration of petitioner's application for benefits, in light of our recent decision in Sykes v. Director, Office of Workers' Compensation Programs, U.S. Department of Labor, 812 F.2d 890 (4th Cir.1987). The motion is opposed by petitioner. For the reasons stated below, the motion will be granted and the case remanded to the Board.
 
 
 2
 On October 10, 1975, the petitioner, Basil Zimbalatti, now 75 years old, applied for disability benefits allowable under the black lung statutes and regulations. After numerous administrative reviews and reconsiderations, petitioner's application finally came on for hearing before an administrative law judge (ALJ) in October 1984.
 
 
 3
 The ALJ found that petitioner was entitled to the benefit of the interim presumption, pursuant to 20 C.F.R. Sec. 727.203(a)(1), based on positive chest x-ray interpretations[1] by two B-readers.[2] Petitioner was thus presumed to be totally disabled by his pneumoconiosis arising from coal mine employment. The next step in the process was for the ALJ to determine whether that presumption was rebutted.
 
 
 4
 The ALJ found that the interim presumption was rebutted by expert medical opinion evidence and test results tending to show that petitioner's physical impairment was attributable to hypertension and hypertensive cardiovascular disease, and that he was, from a respiratory and pulmonary standpoint, fully capable of working in coal mine employment, pursuant to 20 C.F.R. Sec. 727.203(b)(2). The BRB affirmed this conclusion.
 
 
 5
 We held in Sykes that expert medical evidence merely stating that a miner had no respiratory or pulmonary impairment is not sufficient evidence to rebut the interim presumption allowable under 20 C.F.R. Sec. 727.203(b)(2) of total disability due to pneumoconiosis arising out of coal mine employment:
 
 
 6
 for an employer to rebut the interim presumption under Sec. 727.203(b)(2), consideration should be given to the health requirements for work comparable to that performed by the claimant. The plain words of the regulation mandate such consideration.
 
 
 7
 812 F.2d at 893.
 
 
 8
 The medical reports relied upon by the ALJ and the BRB make no mention of the exertive requirements of petitioner's job or the extent to which his symptoms might hinder his performing comparable work. Thus, Sec. 727.203(b)(2) rebuttal is not properly founded.
 
 
 9
 Further, the Board's heavy reliance upon one physician's statement that "claimant suffered from hypertension and hypertensive cardio-vascular disease, but that these conditions were not related to claimant's coal mine employment" imported a causative requirement into .203(b)(2). We condemned this practice in Sykes:
 
 
 10
 This is belied by the words of the regulation. Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason. There is no inquiry into causation in a proper Sec. 727.203(b)(2) rebuttal.... Causation is addressed in Sec. 727.203(b)(3). Once the miner's disability is conceded, then the question arises whether that disability is unrelated to mine work.
 
 
 11
 812 F.2d at 893-94 (emphasis in original); see also Adkins v. U.S. Department of Labor, Office of Workers' Compensation Programs, --- F.2d ---, No. 84-2200 (4th Cir. July 17, 1987).
 
 
 12
 Accordingly, the respondent's motion to remand is granted for a proper determination of rebuttal of the interim presumption of total disability due to pneumoconiosis arising from coal mine employment, pursuant to 20 C.F.R. Sec. 727.203(b)(2) and (b)(3).
 
 
 13
 REMANDED.
 
 
 
 [1]
 I.e., the results were sufficient to trigger the interim presumption of total disability due to pneumoconiosis. See 20 C.F.R. Sec. 727.203(a)
 
 
 [2]
 The National Institute of Occupational Safety and Health (NIOSH) tests and rates physicians for proficiency in interpreting coal miners' chest x-rays under the International Labor Organization/University of Cincinnati (1971) classification of radiographs of the pneumoconiosis. Physicians can be rated as "A" (first) readers or "B" (final) readers. A B-reader has demonstrated greater experience and a greater proficiency than an A-reader; hence, his or her interpretations may be accorded greater evidentiary weight by the adjudicating officer. Sharpless v. Califano, 585 F.2d 664 (4th Cir.1978)